# United States District Court
# Northern District of Indiana

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action No.  1:11-CV-393 JVB |
| v. | ) |
| | ) |
| DIRECT EXPRESS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Christopher E. Washington, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis.* (DE 1, 2.) To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court without prepayment of costs and fees upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, Washington's motion is not on the appropriate form and he does not attest under penalty of perjury that he is unable to pay the filing fee. Instead he simply promises to pay all applicable fees out of the money he recovers in this lawsuit. (DE 2.) However, even assuming Washington could satisfy the first prong of the inquiry by demonstrating indigence, he fails to state a claim for relief, necessitating dismissal of this case.

To survive dismissal under federal pleading standards,

> [a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, ___; 129 S. Ct. 1937, 1949 (2009). Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that: (1) the defendant deprived him of a federal constitutional right; and (2) the defendant acted under color state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Washington is suing Direct Express, which he identifies as a "debit card service." (DE 1 at 2.) His complaint consists of the following statement:

> On or around July 5th, 2011 I filed a dispute with Direct Express that my wallet was stolen and after complying with everything direct express ask of me to do and I done so by complying with them by providing all the documents I was told to send. I have filed a dispute with direct services for the third (3) time now and they still refuse to comply with me and denied my dispute.

(DE 1 at 2.) A private company cannot be sued for constitutional violations, since the Constitution only protects against actions by state actors. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009); *Savory*, 469 F.3d at 670. Although in certain limited circumstances a private entity may be deemed to have acted under color of state law where it acted in concert with a state actor, *see Rodriguez*, 577 F.3d at 823, Washington does not allege, nor can it be plausibly inferred from the complaint, that Direct Express acted in concert with a

state actor. Accordingly, Washington's allegations fail to state claim for relief under 42 U.S.C. § 1983.

For these reasons, the motion for leave to proceed *in forma pauperis* (DE 2) is **DENIED** and the complaint (DE 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED** on November 22, 2011.

 Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division